## A. A. ZWEINER v. FIRST STATE BANK OF ODESSA.[1]

### October 29, 1915.

### Nos. 19,405—(73).

**Bank — action by assignee of depositor.**

1. One Hausauer sold certain notes to defendant bank. The bank placed the purchase price to the credit of Hausauer's deposit account, but, after honoring checks for part of it, it refused to make further payment. Hausauer's assignee may recover the balance of the deposit with interest.

**Verdict sustained by evidence.**

2. A surrender of the right to draw further on the deposit is alleged, but it is denied. The evidence is conflicting. The jury found no surrender had been made. The evidence sustains the verdict and it must stand.

**Compromise and settlement — evidence.**

3. Judgment was obtained against the makers of the notes and then compromised, both Hausauer and the bank consenting. Defendant's claim that, as part of this compromise Hausauer surrendered his right to receive the purchase price of the notes, is not sustained by the evidence.

**Guaranty — assent to compromise by guarantor.**

4. Hausauer was originally a guarantor of the notes sold. His assent to the compromise could not diminish his right to recover the amount of the original consideration for their sale, in the absence of assertion by the bank of some rights under the guaranty.

[1] Reported in 154 N. W. 615.

Action in the district court for Big Stone county to recover $1,072. The facts are stated in the opinion. The case was tried before Flaherty, J., and a jury which returned a verdict for $1,044.80. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Cliff & Purcell,* for appellant.

*Kaercher & Freerks,* for respondent.

HALLAM, J.

1. In 1910, plaintiff's assignee, Hausauer, held four promissory notes of $500 each against Scofield & Hackman. He sold the notes to defendant bank with a guaranty of payment and received credit to his bank account in the sum of $2,140, the face of the notes and interest. He then proceeded to check against this account. The bank paid checks to the amount of $1,068 and then refused to honor further checks, claiming that in making the sale Hausauer had represented that the indebtedness was undisputed, whereas in fact the makers disputed the notes and refused to pay. This alleged misrepresentation Hausauer denies. Whether any misrepresentation was in fact made is not important except as an introduction to what followed, for suit was later brought against the makers of the notes, the validity of the notes established, and judgment given for their full amount. The suit was brought in the name of one Moede, to whom the bank assigned the notes for that purpose. The circumstances surrounding this transaction will be hereafter referred to.

The amount of the judgment obtained against Scofield & Hackman was $2,585. After it was obtained it was assigned by Moede to defendant's cashier. Some difficulty was experienced in collecting the amount, and, after some negotiation, Scofield & Hackman offered to pay $2,400 in full settlement. Both Hausauer and the bank were agreeable to acceptance of this offer, but they could not agree upon the division of the money among themselves. The controversy between them concerned the matter of interest, costs and attorney's fees. They never did agree as to these matters and the money was paid to the sheriff and the judgment against Scofield & Hackman satisfied. The sheriff paid the costs, amounting to $72.79, paid Mr. McElligott, the attorney who procured the judgment, his fees of $300, and the balance of $2,027.21 was, by

agreement between Hausauer and the bank, deposited in an Ortonville bank pending settlement of the differences between them. No settlement was ever arrived at. The amount in the hands of the Ortonville bank was finally paid to the cashier of defendant bank. Hausauer in his testimony in this action distinctly disclaims any interest in any of it. He claims the right to receive from the bank the balance of the original deposit placed to his credit as consideration for the sale of the notes, and his assignee brings this action on this theory, and he recovered this amount, less the amount of the attorney's fees above mentioned.

Upon consummation of the original sale of notes in consideration of the amount placed to the credit of Hausauer's deposit account Hausauer had the right, in the absence of some agreement to the contrary, to draw out the amount of the deposit, and, on refusal of the bank to honor checks against the deposit, he had a right of action for its recovery.

2. It is contended, however, that the right to recover this deposit was surrendered at the time the agreement was made to bring suit on the notes. Here arises a disputed issue of fact. The bank claims that, when it was learned that the notes were disputed, an agreement was made between Hausauer and the bank, by which it was agreed that suit be brought on the notes, that the costs were to be borne by Hausauer and that whatever might be realized should be applied first in payment of what the bank had already advanced, with interest, and the balance turned over to Hausauer. If this were the agreement it would probably follow that the bank would be absolved from paying to Hausauer the balance of the credit deposit. Hausauer denies that there was any such agreement, or any understanding or agreement at all, except an undertaking that suit was to be brought by the bank or under its direction, and that Hausauer should pay the fees of the attorney therefor. If the facts were as the bank contends, the right of Hausauer to recover the balance of his deposit was surrendered. If the facts were as Hausauer contends, this right was not surrendered. The court submitted this question to the jury. The evidence is conflicting. The jury found this issue in favor of plaintiff. There is evidence sufficient to sustain the finding and it must stand.

3. Defendant claims that at the time of the compromise of the judgment against Scofield & Hackman there was also a "settlement of all

matters between the bank and Hausauer," and that "the legal effect of the compromise settlement of the judgment was to wipe out all claims of Hausauer against the bank, and, in lieu thereof, vest in him title to a part of the money deposited in the bank as proceeds of the judgment." We have examined the record with much care and we cannot find evidence to sustain this contention. As above stated Hausauer does not claim title to any "part of the money deposited in the bank as proceeds of the judgment," and certain it is that the bank never acted on the theory that Hausauer had title to any part of it, for the cashier of the bank procured the whole amount of $2,027.21 to be paid over to him. The fact is the evidence makes it clear that no agreement was arrived at settling any part of the differences between Hausauer and the bank. Both Hausauer and the bank expressed a willingness to submit their differences to Mr. McElligott to adjust, but he declined to act as mediator, and this arrangement was accordingly ineffective.

Our conclusion is that plaintiff is entitled to recover the balance of the original deposit placed to his credit by defendant bank.

4. The practical result of this decision is as follows: It gives to the plaintiff and his assignor the original purchase price of the notes, less the attorney's fees in the litigation to enforce their payment. The amount received by the bank's cashier, together with the amount of the attorney's fees deducted from the verdict in this case, is the whole amount collected on these notes. If the bank is obliged to pay the amount of this verdict, the amount it has received falls short of the principal and interest of the notes it bought by the amount which the Scofield & Hackman judgment was discounted. As a security against any such loss it originally had Hausauer's guaranty. Whether that guaranty is still in force we are not advised. It is very clear from the record and briefs that no rights are asserted under the guaranty in this action.

There is some claim that, by assenting to this compromise, Hausauer diminished his right to recover the amount of the original consideration for the sale of the notes by the amount of the discount given to the

judgment debtors.    Clearly his consent to this compromise could have no such effect in the absence of agreement or of assertion of some rights under the guaranty.

Order affirmed. ─────────────